[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13968
Non-Argument Calendar
_____

D.C. Docket No. 5:11-cv-01528-LSC-TMP


LORENZO WATKINS,

                                                        Plaintiff-Appellant,

                          versus

WARDEN,
LLOYD WALLACE,
Captain,
DERWIN HALBROOKS,
Lieutenant,
CORRECTION OFFICERS AT LIMESTONE
CORRECTIONAL FACILITY,

                                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(February 28, 2013)

Before WILSON, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Lorenzo Watkins, an Alabama prisoner, appeals pro se the dismissal of his complaint against Warden Lloyd Wallace and other officers at the Limestone Correctional Facility.  42 U.S.C. § 1983.  The district court dismissed Watkins's complaint as frivolous.  28 U.S.C. § 1915A(b)(1).  We affirm.

The district court did not err by dismissing Watkins's complaint.  Watkins's complaint is barred by res judicata.  See Green v. Jefferson Cnty. Comm'n, 563 F.3d 1243, 1252 (11th Cir. 2009).  An Alabama court earlier entered a summary judgment against Watkins's same complaint that the same defendants violated his constitutional rights, and the Alabama Court of Civil Appeals affirmed that judgment, Watkins v. Mitchem, 97 So. 3d 815 (Ala. Civ. App. 2011).  Watkins argues that res judicata does not bar his federal complaint, but under Alabama law "[a] summary judgment acts as a judgment on the merits," Ex parte Jefferson Cnty., 656 So. 2d 382, 385 (Ala. 1995).  The district court also lacked subject matter jurisdiction to review the judgment of the state court.  See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 125 S. Ct. 1517 (2005); D.C. Ct. of Appeals v. Feldman, 460 U.S. 462, 103 S. Ct. 1303 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413, 44 S. Ct. 149 (1923).

We **AFFIRM** the dismissal of Watkins's complaint.

2